IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DUENAS, ) | No. C 09-4076 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL;** |
| ) | **GRANTING APPLICATION TO** |
| v. ) | **PROCEED IN FORMA PAUPERIS** |
| ) | |
| PAUL COPENHAVER, Warden, ) | **(Docket No. 2)** |
| Federal Corrections Institution, ) | |
| Dublin, HARLEY LAPPIN, ) | |
| Director, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

On September 2, 2009, petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution ("FCI"), Dublin, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the decision by the FCI Warden, as upheld by the Regional Director of the Bureau of Prisons ("BOP") and the Central Office of the BOP, in Washington, D.C., that due to the nature of petitioner's underlying conviction she will not be eligible for early release after she completes the Residential Drug Abuse Program ("RDAP"). For the reasons discussed below, the Court will dismiss the petition for failure to state a cognizable claim for habeas corpus relief.

**DISCUSSION**

A.   Standard of Review

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). As petitioner is incarcerated within the Northern District of California, venue is proper in this district. See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

A court entertaining an application for a writ of habeas corpus brought under § 2241 shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. See 28 U.S.C. § 2243.

B.   Applicable Law

As noted, petitioner challenges herein the decision of the BOP that she is ineligible for early release after she completes the RDAP. Under 18 U.S.C. § 3621(b), the BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." In order to encourage inmates to participate in the RDAP, the statute provides that the BOP may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment. Arrington v. Daniels, 516 F.3d 1106, 1109 (9th Cir. 2008) (citing 18 U.S.C. § 3621(e)(2)(b)).

The statute does not define "nonviolent offense" for purposes of the RDAP. Consequently, over the course of several years the BOP has adopted its own definition by promulgating regulations and issuing corresponding program statements designed to interpret those regulations. See id. at 1109-12; Gunderson v. Hood, 268 F.3d 1149, 1151-52 (9th Cir. 2001). As relevant to the instant action, the BOP adopted several regulations and program statements in which it sought, by categorizing such offenses as "crimes of violence," to exclude from consideration for early release inmates whose commitment offenses involved the use of a firearm. See Arrington, 516 F.3d at 110-11.

In 2001, the Supreme Court confirmed the BOP's discretion to categorize certain

2

offenses as crimes of violence based on pre-conviction conduct, and found a 1997 BOP interim regulation, which excluded from consideration for early release prisoners whose drug offenses included the use of a firearm, was a permissible exercise of the BOP's discretion. Lopez v. Davis, 531 U.S. 230, 242-43 (2001).  Thereafter, in Arrington v. Daniels, supra, the Ninth Circuit considered the final 2000 version of the BOP regulation at issue in Lopez, and determined that while the BOP had the authority to adopt such a regulation, it had not complied with the requirements of the Administrative Procedures Act because it had not articulated a rationale for categorically excluding from early release those inmates convicted of nonviolent offenses involving firearms.  See Arrington, 516 F.3d at 1114.  Consequently, the Ninth Circuit concluded, the BOP's failure in that regard rendered the regulation invalid. Id.

C.   Petitioner's Claim

The background relevant to petitioner's claim may be summarized as follows, based on petitioner's allegations and the attachments to the petition and supplemental petition. (Docket Nos. 1 & 5.)  In 2005, in the United States District Court for the District of Idaho, petitioner entered a plea of guilty to charges of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1).  She was sentenced to a term of eighty-four months in prison.

In October 2008, petitioner was interviewed for placement in the RDAP and for early release.  She was found eligible to participate in the RDAP, but was told that her eligibility for early release under 18 U.S.C. § 3621(e) was precluded under BOP Program Statement ("PS") 5162.04, pursuant to which petitioner's conviction under § 924(c)(1) for the possession of a firearm in furtherance of a drug trafficking crime is categorized as a crime of violence.  (Pet. Attach. 3 at 1.)

Petitioner appealed the denial of her eligibility for early release through the BOP's administrative appeals process, arguing that under Arrington the BOP was precluded from

3

1   categorically excluding from consideration for early release inmates convicted of offenses
2   involving the use of a firearm. She further argued that under the Supreme Court case of
3   Bailey v. United States, 516 U.S. 137 (1995), the BOP should exercise its discretion to find
4   her conviction under § 924(c)(1) is not a crime of violence. (Pet. Attach. 4 at 1-2.) The
5   appeal was denied at all levels of review. At the final level of review, the appeal was denied
6   with the following explanation:

> 18 U.S.C. § 3621(e)(2)(B) allows the Director of the Bureau of Prisons (Bureau) to permit inmates who complete the RDAP to receive up to 12 months early release from custody. Pursuant to 28 C.F.R. § 550.58 and Program Statement (P.S.) 5330.10, Drug Abuse Program Manual, the Bureau is authorized to deny inmates early release eligibility if, in the Director's discretion, the current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)."
>
> Bureau records reflect that as of January 13, 2009, you have been participating in the RDAP. You were convicted of 21 U.S.C. § 841(a)(1), Possession of Methamphetamine, 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm, and 18 U.S.C. § 924(c)(1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On January 6, 2009, a determination was made that you were ineligible for the early release benefit based on the provisions of P.S. 5162.04, Categorization of Offenses. Specifically, P.S. 5162.04, Section 6, identifies 18 U.S.C. § 924(c) as a crime of violence in all cases. The decision in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), does not change the analysis of your case insofar as your 18 U.S.C. § 924(c) offense is categorized as a crime of violence and not the subject of the Arrington decision. There is no entitlement to an early release but it is at the Director's discretion. We concur with the decision that you are precluded from receiving early release under 18 U.S.C. § 3621(e).

19  (Suppl. Pet. Attach. at 3.)
20          As noted, petitioner argues that under the Ninth Circuit's decision in Arrington, the
21  BOP is precluded from categorically excluding from consideration for early release those
22  inmates, such as petitioner, who have been convicted of an offense under 18 U.S.C. § 924(c),
23  which statute pertains to the use or possession of a firearm during and in relation to any
24  crime of violence or drug trafficking crime. Arrington is not applicable to plaintiff's
25  situation, however, as petitioner's conviction under § 924(c)(1) has been deemed by the BOP
26  to be a *crime of violence* in all cases, not a *nonviolent offense* involving the use of a firearm,

4

as was the case in <u>Arrington</u>.[1]  In particular, the Ninth Circuit, in <u>Warren v. Crabtree</u>, 185 F.3d 1018 (1999), has expressly held that the BOP's determination in its program statement that all § 924(c) offenses are crimes of violence is valid and entitled to judicial deference.  <u>Id.</u> at 1022.  Consequently, <u>Arrington</u> does not preclude petitioner's exclusion from early release eligibility based on her conviction under § 924(c)(1).  <u>See</u> <u>Scott v. Rios</u>, No. 1:09-cv-00038 GSA HC, 2009 WL 1764991, *3 (E.D. Cal. June 18, 2009).

Petitioner additionally argues that the BOP arbitrarily concluded that her conviction under § 924(c)(1) should be considered a crime of violence because the Supreme Court, in <u>Bailey v. United States</u>, 516 U.S. 137, 142-44 (1995), held "use" of a firearm under § 924(c)(1) must involve the "active employment" of the weapon during and in relation to the predicate offense and, petitioner asserts, there is no evidence that she actively used a firearm during commission of the underlying offense of drug trafficking.  Such argument, however, was rejected by the Ninth Circuit in <u>Warren v. Crabtree</u>, <u>supra</u>, which held that the BOP had acted reasonably when it determined that a conviction under § 924(c)(1) for use or possession of firearm during a drug trafficking offense categorically is a violent offense.  <u>See</u> 185 F.3d at 1022.  Here, petitioner has been convicted of an offense under § 924(c)(1); consequently, the BOP did not abuse its discretion by finding she had been convicted of a crime of violence for purposes of 18 U.S.C. § 3621(e) and thus was ineligible for early release.

Based on the above, the Court finds that petitioner is not entitled to habeas corpus relief.  Accordingly, the petition will be dismissed with prejudice.

//
//
//
//
//

---

[1] Although <u>Arrington</u> discussed the history of the BOP's program statement defining all crimes under § 924(c) as crimes of violence, no petitioner in <u>Arrington</u> had been convicted under § 924(c).  <u>See id.</u> at 1112 n.4.

5

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. In light of petitioner's financial status, the application to proceed in forma pauperis is hereby GRANTED. (Docket No. 2.)

2. The petition is hereby DISMISSED with prejudice.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 19, 2010

MAXINE M. CHESNEY
United States District Judge